Shearing, J.,
dissenting:
The majority of this court concludes that failure to cross-examine the victim was incompetence of counsel. This court should give deference to the contrary finding of the trial judge who heard the evidence and was in a position to judge the credibility of witnesses, as well as the effectiveness of counsel’s strategies and tactics. The trial judge summarized the trial counsel’s testimony on this issue as follows:
The testimony of Mr. Irvin demonstrated that he had had a substantial background as a public defender and district attorney in the State of Nevada; that he or his investigator interviewed most or all of the witnesses suggested by petitioner, and he did not believe that, had he called them to testify, their testimony would have been helpful to the defense; that he decided not to cross-examine the complaining witness, Ms. Denise Rains, because he believed that (1) *854 cross-examination would have revealed that petitioner had sexually molested Ms. Rains ever since Ms. Rains was eight years old, (2) since Ms. Rains’ direct testimony contradicted her prior video-taped statements and these statements were made available for review by the jury, it was not necessary to cross-examine Ms. Rains concerning such statements, and (3) Ms. Rains was a strong witness on direct examination, and to subject her to a vigorous cross-examination would have further strengthened Ms. Rains’ testimony and created sympathy for her in the minds of the jury ....
The trial judge went on to make the following findings:
As is so often the case, the cold record does not tell the entire story of the proceedings before the Court. This Court personally observed the testimony of the complaining witness, Ms. Rains. It is obvious that a full cross-examination of Ms. Rains would only have served to strengthen her direct testimony and infuriate the jury against the petitioner. Further, a full cross-examination of Ms. Rains may have revealed prior acts of sexual molestation by the petitioner upon Ms. Rains ever since she was eight years of age. Given the sensitive nature of the charges against petitioner and under the particular circumstances of this case, counsel’s decision not to cross-examine the complaining witness was the result of a reasoned tactical choice.
This court is not in a position to reverse the findings of a trial judge that are supported by substantial evidence.
The majority of this court also decides that counsel provided ineffective assistance at the sentencing hearing because he failed to call any witnesses or to request that the defendant’s sentences run concurrently. The trial judge apparently concluded that the defendant’s present counsel may have been deliberately trying to build in error. The trial judge stated in his Order Denying Petition for Post-Conviction Relief:
It is apparent that even before this Court pronounced judgment and imposed sentence upon petitioner, Mr. Mausert had already involved himself in the case by presenting Mr. Irvin with a document purporting to substitute Mr. Mausert in place of Mr. Irvin as petitioner’s attorney. Despite this fully executed document, however, Mr. Irvin, at Mr. Mausert’s insistence, continued to represent petitioner through sentencing. This type of conduct by petitioner’s present counsel is highly questionable, and is looked upon with disfavor by the Court. In any event, the mitigating evidence that petitioner now urges should have been pre *855 sented at the time of sentencing would not have led this Court to reduce petitioner’s sentence in any respect.
It is particularly inappropriate for this court to make a determination that the sentence would have been different if counsel had presented witnesses when the very judge who sentenced the defendant has made a contrary determination after hearing the evidence about those witnesses. The utmost deference to the trial judge’s finding is required.
I would affirm the Order Denying Petition for Post-Conviction Relief.